1  June D. Coleman  SBN 191890
2  MESSER STRICKLER, LTD.
   5960 South Land Park Drive #1059
3  Sacramento, CA 95822
4  Phone: (916) 502-1768
   jcoleman@messerstrickler.com
5
6  Attorney for Defendant
   HEALTHCARE REVENUE RECOVERY GROUP, LLC dba ARS
7  ACCOUNT RESOUTION SERVICES
8
9              UNITED STATES DISTRICT COURT
10             EASTERN DISTRICT OF CALIFORNIA
11
12
13  ANTHONY AHN BY AND            Case No.: 2:21-CV-01517-KJM-JDP
    THROUGH HIS GUARDIAN
14  JAMIE HONG,                   DEFENDANT's ANSWER TO
                                  COMPLAINT
15              Plaintiff,
16                               JURY DEMAND
17       vs.
18
    HEALTHCARE REVENUE
19  RECOVERY GROUP, LLC dba ARS
    ACCOUNT RESOUTION SERVICES
20
21  .            Defendants.
22

23       COMES NOW Defendant HEALTHCARE REVENUE RECOVERY GROUP,

24  LLC dba ARS ACCOUNT RESOUTION SERVICES, by and through their counsel of

25  record, and hereby provides this answer to the Complaint by admitting, denying, and

26  alleging as follows:

27       1.     As to Paragraph 1, Responding Party denies these allegations.

28       2.     As to Paragraph 2, Responding Party denies the Curt has supplemental

                                    1
                         Answer to Complaint        2:21-CV-01517-KJM-JDP

jurisdiction.  As to the remaining allegations, Responding Paty denies them.

3.      As to Paragraph 3, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

4.      As to Paragraph 3, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

5.      As to Paragraph 4, Responding Party admits.

6.      As to Paragraph 5, Responding Party admits that it is a collection agency nd collects medical debts, located in Sunrise, Florida.  As to the remaining allegations, Responding Party lacks sufficient information to admit or deny the remaining allegations, and on that basis, denies them.

7.      As to Paragraph 7, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

8.      As to Paragraph 8, Responding Party admits these allegations.

9.      As to Paragraph 9, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

10.      As to Paragraph 10, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

11.      As to Paragraph 11, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

12.      As to Paragraph 12, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

13.      As to Paragraph 13, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

14.      As to Paragraph 14, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

15.      As to Paragraph 15, Responding Party admits that it has a phone number – 800-567-1757.   As to the remaining allegations, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

2

Answer to Complaint          2:21-CV-01517-KJM-JDP

16.    As to Paragraph 16, Responding Party admits that is uses 800-567-1757.

17.    As to Paragraph 17, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

18.    As to Paragraph 18, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

19.    As to Paragraph 19, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

20.    As to Paragraph 20, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

21.    As to Paragraph 21, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

22.    As to Paragraph 22, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

23.    As to Paragraph 23, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

24.    As to Paragraph 24, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

25.    As to Paragraph 25, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

26.    As to Paragraph 26, Responding Party denies these allegations.

27.    As to Paragraph 27, Responding Party denies these allegations.

28.    As to Paragraph 28, Responding Party denies these allegations.

29.    As to Paragraph 29, Responding Party denies these allegations.

30.    As to Paragraph 30, Responding Party repeats and realleges its responses to Paragraphs 1-29 as though fully set forth herein.

31.    As to Paragraph 31, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

Answer to Complaint          2:21-CV-01517-KJM-JDP

32.     As to Paragraph 32, Responding Party admits it is a "debt collector" generally, but lacks sufficient information to admit or deny this allegation as to Plaintiff, and on that basis, denies.

33.     As to Paragraph 33, Responding Party admits.

34.     As to Paragraph 34, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

35.     As to Paragraph 35, this Paragraph does not contain allegations that need to be admitted or denied.

36.     As to Paragraph 36, Responding Party denies.

37.     As to Paragraph 37, Responding Party denies.

38.     As to Paragraph 38, this Paragraph does not contain allegations that need to be admitted or denied.

39.     As to Paragraph 39, this Paragraph does not contain allegations that need to be admitted or denied.

40.     As to Paragraph 40, Responding Party denies.

41.     As to Paragraph 41, this Paragraph does not contain allegations that need to be admitted or denied.

42.     As to Paragraph 42, Responding Party denies.

43.     As to Paragraph 43, Responding Party denies.

44.     As to Paragraph 44, Responding Party repeats and realleges its responses to Paragraphs 1-43 as though fully set forth herein.

45.     As to Paragraph 45, this Paragraph does not contain allegations that need to be admitted or denied.

46.     As to Paragraph 46, Responding Party denies.

47.     As to Paragraph 47, Responding Party denies.

48.     As to Paragraph 48, Responding Party denies.

49.     As to Paragraph 49, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies.

50.     As to Paragraph 50, Responding Party repeats and realleges its responses to Paragraphs 1-49 as though fully set forth herein.

51.     As to Paragraph 51, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

52.     As to Paragraph 52, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

53.     As to Paragraph 53, Responding Party admits generally that it is a "debt collector," but as to Plaintiff, Responding Party lacks sufficient information to admit or deny these allegations, and on that basis, denies them.

54.     As to Paragraph 54, this Paragraph does not contain allegations that need to be admitted or denied.

55.     As to Paragraph 55, Responding Party denies.

56.     As to Paragraph 56, Responding Party denies.

## AFFIRMATIVE DEFENSES

Responding Party pleads the following separate defenses.  Responding Party reserves the right to assert additional affirmative defenses that subsequent discovery and investigation indicate are proper.

## FIRST AFFIRMATIVE DEFENSE

### (Consent)

1.     As a separate and distinct affirmative defense, Plaintiff consented to any calls that were made.  Responding Party received information that the responsible party for the cell phone had provided consent to call.

## SECOND AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

2.     As a separate and distinct affirmative defense to all causes of action, Responding Party is informed and believes, and thereon allege that Plaintiff has not used reasonable efforts to mitigate actual damages, if she in fact has any. It is difficult to provide any factual allegations regarding this defense because Plaintiff

5

provides no factual allegations of any actual damages actually suffered. Further information can only be developed once Plaintiff supplements with factual allegation as to the actual damages she suffered. Therefore, this affirmative defense is pled to ensure that Responding Party does not waive the opportunity to use this defense solely because Plaintiff has failed to provide sufficient factual allegations.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

3.     A third separate and distinct affirmative defense to all causes of action, Responding Party alleges that it has no civil liability under any of the statutory claims because the alleged violations were not intentional and resulted from one or more bona fide errors notwithstanding the maintenance of procedures reasonable adapted to avoid any such errors. Responding Party has processes in place regarding calling cell phones, consent, and cease and desist requests. To the extent that those processes were not followed, this inadvertent mistake occurred despite the maintenance of reasonable processes to prevent any such error or mistake.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.     Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Contribution)

5.     Any and all harm alleged by Plaintiff can be attributed to several causes, and the damages for the harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## SIXTH AFFIRMATIVE DEFENSE

### (Fault of Others)

6.     If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts,

Answer to Complaint          2:21-CV-01517-KJM-JDP

omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties and/or Plaintiff, and not Responding Party.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Responding Party prays for relief as follows:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiff takes nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Responding Party;

3.     That Responding Party be awarded its costs incurred in defending this action; and

4.     That Responding Party be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Responding Party HEALTHCARE REVENUE RECOVERY GROUP, LLC dba ARS ACCOUNT RESOUTION SERVICES demands a jury trial in this case.

DATED: November 4, 2021          MESSER STRICKLER, LTD.

By:     /s/ June D. Coleman
        June D. Coleman
        Attorney for Defendant
        HEALTHCARE REVENUE RECOVERY
        GROUP, LLC dba ARS ACCOUNT
        RESOUTION SERVICES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via email to the parties listed on the service list with the Court, and to the parties authorized to receive via this Court's CM/ECF system on November 4, 2021

By:     /s/ June D. Coleman
        June D. Coleman

Answer to Complaint                    2:21-CV-01517-KJM-JDP